PER CURIAM.
The mother of a child who was declared dependent and temporarily placed in the custody of his paternal grandparents appeals an order awarding the paternal grandparents permanent custody. She contends that an award of permanent custody is not an option under chapter 39, Florida Statutes (1989), while the parents are alive and/or their parental rights are not being terminated. Although the trial court correctly concluded that permanent custody with an adult relative is an available placement option pursuant to chapter 39, it did not comply with the requisite statutory provisions permitting such custody. We reverse and remand for further proceedings.
In part III of chapter 39, relating to dependency, there is no provision for permanent custody. Section 39.41 sets forth the trial court’s powers of disposition when a child is adjudicated to be dependent. The court may: (1) place the child under the protective supervision of the department; (2) place the child in the temporary legal custody of an adult relative; (3) commit the child to a licensed child-caring agency; (4) commit the child to the temporary legal custody of the department; (5) change the temporary legal custody at a postdisposition hearing; (6) approve placement of the child in an independent living arrangement if the foster child is 16 years of age or older.
Although permanent custody was not an explicit statutory disposition alternative for a child adjudicated dependent at the time of the hearing, the trial judge relied upon the legislative intent expressed in section 39.-45(2) in awarding permanent custody to the paternal grandparents. Section 39.45, which is found in Part V of chapter 39, governing children in foster care, provides in pertinent part:
(1) The Legislature finds that 7 out of 10 children placed in foster care do not return to their biological families after the first year and that permanent homes could be found for many of these children if their status were reviewed periodically and they were found eligible for adoption.
(2) It is the intent of the Legislature that each child be assured the care, guidance, and control in a permanent home which will serve the best interests of the child’s moral, emotional, mental, and physical welfare and that such home preferably be the child’s own home or, if that is not possible, an adoptive home. It is the further intent of the Legislature that, if neither of those options is achievable, other options for the child as set out in this section be pursued. It is the intent of the Legislature that permanent placement with the biological or adoptive family be achieved as soon as possible for every child in foster care and that no child remain in foster care longer than 1 year. It is the further intent of the Legislature that a child be reunited with the child’s natural family whenever possible and, when not possible, that the child be permanently placed for adoption or, when neither option is achievable, that the child be prepared for alternative permanency goals or placements to include, but not be limited to, long-term foster care, independent living, custody to a relative on a permanent basis with or without legal guardianship, or custody to a foster parent on a permanent basis with or without legal guardianship. It is the intent of the Legislature, therefore, *538 to help ensure a permanent home for a child in foster care by requiring a performance agreement or, if the child’s natural parents will not or cannot participate in a performance agreement, a permanent placement plan and a periodic review and report to the court on the child’s status.
(Emphasis added). The intent expressed throughout Part V of chapter 39 is that if the child cannot be returned to the natural parents, the preferred option is to place the child in an adoptive home. If neither of these options is achievable, one of the alternate courses should be considered.
Section 39.451 requires that a performance agreement be prepared in each case in which the custody of a child has been vested, either voluntarily or involuntarily, in the social service agency and the child has been placed in foster care. The purpose of a performance agreement is to ensure the quickest safe return of the child to its parents or, if this is not possible, the permanent commitment of the child to the department for the purpose of finding a permanent adoptive home. “Permanent adoptive placement is the primary permanency goal when a child is permanently committed to the department.... If it is not possible to find a permanent adoptive home, the performance agreement shall record the actions taken for preparing the child for alternative permanency goals or placements such as long-term foster care.” Section 39.451(1).
Section 39.452 sets forth the requirements for a permanent placement plan when the natural parents will not or cannot participate in preparation of a performance plan. In the permanent placement plan, the social service agency must submit to the court a full explanation of the circumstances and a plan for the permanent placement of the child. The plan must include the goals for the child, and the time for accomplishing permanence for the child; it takes the place of and must also meet all requirements provided for a performance agreement. Prior to the filing of a permanent placement plan, each parent must be served with a copy of the plan and be advised, both orally and in writing, that the placement of the child in foster care may result in the termination of parental rights, after proper notice and hearing. At the hearing on the permanent placement plan, the court must make certain findings, including whether each parent was notified of the right to enter into a performance agreement in lieu of the permanent placement plan.
Provision is made for continuing jurisdiction, during which the court is to review the child’s status. At each six-month review, the social service agency is to furnish a written report to the court which includes documentation of the efforts made by all parties to comply with each provision of the plan. Based upon specified criteria, the trial court then determines whether or not the social service agency shall initiate proceedings to have the child declared a dependent child, return the child to the parent, continue the child in foster care for a specified period of time, or initiate termination of parental rights proceedings for subsequent placement in an adoptive home. Section 39.453, Florida Statutes (1989).
Section 39.453(8)(f) provides that if, at the time of the 18-month judicial review, the child is not returned to the physical custody of his natural parents, the agreement shall be extended only if, at the time of the judicial review, the court finds that the situation of the child is so extraordinary that the agreement should be extended. Section 39.454, Florida Statutes (1989), provides:
(1) If, in preparation for any judicial review hearing pursuant to this part, it is the opinion of the social service agency that the parents or legal guardian of the child have not complied with their responsibilities as specified in the written performance agreement, although able to do so, the social service agency shall state its intent to initiate proceedings to terminate parental rights, unless the social service agency can demonstrate to the court that such a recommendation would not be in the child’s best interests. ...
(2) If, at the time of the 18-month judicial review hearing, a child is not *539 returned to the physical custody of his natural parents, the social service agency shall initiate termination of parental rights proceedings pursuant to part VI of this chapter unless, at the time of the judicial review, the court finds that the situation of the child is so extraordinary that the agreement should be extended. If the court decides to extend the agreement, the court shall enter detailed findings justifying the decision to extend, as well as the length of the extension.
Permanent placement of a child with an adult relative is an available option under chapter 39. As with termination of parental rights, however, the relevant statutory provisions dictate that certain procedural steps must be followed.[1] The necessary procedural requirements have not been met. The record does not contain, for example, a performance agreement or a permanent placement plan. There has been no finding that permanent placement rather than termination of parental rights and subsequent adoption is in the best interest of the child. Because there has been no compliance with the applicable statutory provisions regarding permanent placement of a child with an adult relative, we REVERSE and REMAND for further proceedings.
BOOTH, SMITH and BARFIELD, JJ„ concur.

. We note that the legislature enacted chapter 91-183, Laws of Florida, which amended section 39.41, Florida Statutes. Placement of a child in the long-term custody of an adult relative "when the parents have failed to comply with a performance agreement or permanent placement plan, and the court determines at a judicial review hearing ... that neither reunification, termination of parental rights, nor adoption is in the best interest of the child” is now a disposition alternative when a child is declared dependent. This additional disposition alternative requires that certain conditions be met and provides that the court retains jurisdiction over the case, with an annual report filed with the court. Although chapter 91-183 further indicates that long-term placement with an adult relative is an option, it also highlights the procedural deficiencies in the present case.